IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| EARTH PRIDE ORGANICS, LLC<br>LANCASTER FINE FOODS, INC. | Bky No. 17-13816(ELF) |
| Debtors | JOINTLY ADMINISTERED |

**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING THE RETENTION OF WEIR & PARTNERS LLP AS SPECIAL LITIGATION COUNSEL, *NUNC PRO TUNC* TO AUGUST 2, 2017, PURSUANT TO 11 U.S.C. §§ 327(e) AND 328 AND FED.R.BANKR.P. 2014 AND (II) AUTHORIZING THE PAYMENT OF A POST-PETITION RETAINER**

Earth Pride Organics, LLC and Lancaster Fine Foods, Inc. (collectively, the "Debtors"), by and through their counsel, Maschmeyer Karalis P.C., hereby make this application to employ Weir & Partners LLP ("Weir") as special litigation counsel, *nunc pro tunc* to August 2, 2017, pursuant to 11 U.S.C. §§ 327(e) and 328 and Fed.R.Bankr.P. 2014 and for authority to pay a post-petition retainer (the "Application"), and in support thereof, respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

## BACKGROUND

**I.    Procedural Background.**

4.      On May 31, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

5.      Since the Petition Date, the Debtors have remained in possession of their assets and continue in the management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.      No trustee, examiner, or official committee of unsecured creditors has been appointed herein pursuant to 11 U.S.C. §§ 1102(a)(1) or 1104.

## II.    Pre-Petition Date Litigation with Dalmatia Import Group, Inc. and Maia Magee

7.      In March of 2016, Dalmatia Import Group, Inc. ("Dalmatia") and Maia Magee ("Magee") filed litigation against the Debtors by joining them as defendants in a case Dalmatia originally instituted against an unrelated entity, FoodMatch, Inc., in the United States District Court for the Southern District of New York at Case No. 16-933 (the "Litigation").

8.      In the Litigation, Dalmatia asserted claims against the Debtors for, *inter alia*, misappropriation of trade secrets, trademark infringement, counterfeiting, breach of contract, unfair competition, civil conspiracy and conversion.

9.      Thereafter, the Litigation was transferred to the United States District Court for the Eastern District of Pennsylvania at Case No. 16-2767.

10.     After a jury trial completed in February of 2017, the jury returned a verdict for Dalmatia and Magee and against the Debtors on some of its claims.

11.     On May 3, 2017, the trial court entered judgment against the Debtors in an amount in excess of $2,100,000 plus interest.

## III.   Motion for Relief from the Automatic Stay filed by Dalmatia

12.     On July 3, 2017, Dalmatia filed a Motion for Relief from the Automatic Stay (the

"Relief Motion") [Docket No. 98] in order to proceed with certain post-trial motions.

13. On July 17, 2017, the Debtors filed an Objection to the Relief Motion [Docket No. 113].

14. A hearing on the Relief Motion was held on July 26, 2017.

15. On July 31, 2017, this Honorable Court entered an Order granting, in part, the Relief Motion (the "7/31/17 Order") [Docket No. 134].

16. As put forth in the 7/31/17 Order, Dalmatia was granted limited relief from the automatic stay to proceed with the following matters in connection to the Litigation (collectively, the "Pending Matters"):

(a) Injunctive relief pertaining to Paragraph 10 of the Judgment (District Court Action Docket # 321) and

(b) Renewed Motion for judgment as a matter of law on its claim for breach of contract and for a permanent injunction (District Court Action Docket # 333 and Paragraph 17 of the District Court Judgment Docket # 321).

IV. **Proposed Retention of Weir**

17. In light of the circumstances put forth herein, the Debtors have determined that they require the services of Weir as special counsel in connection to the Pending Matters.

18. Weir will provide all services required by the Debtors in connection to the Pending Matters. Weir's representation agreement is attached hereto as Exhibit "A" and made a part hereof.

19. The Debtors have made a careful and diligent inquiry into the qualifications and competence of Weir and is advised that Weir is capable of providing the proper services to the Debtors in connection with the Pending Matters.

20. Weir is not an insider or affiliate of the Debtors.

21. Weir was not previously employed by the Debtors and never received any compensation from the Debtors.

22. Weir is not owed any money by the Debtors.

23. Weir will be rendering services on an hourly basis plus the reimbursement of costs. Weir's normal and customary rates range from $185.00 to $550.00 per hour depending on the attorney or paralegal rendering the service. These rates are subject to periodic review and adjustment.

24. Weir has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

25. Any and all compensation to be paid to Weir for services rendered on the Debtors' behalf shall be fixed by application to this Court in accordance with §§ 330 and 331 of the Bankruptcy Code, such Rules of Local and Federal Bankruptcy Procedure as may then be applicable, and/or any alternative arrangement for interim compensation as may be authorized by the Court.

26. The Debtors believe, and therefore aver, that the employment of Weir is necessary and in the best interest of the Debtors' estates. A Verified Statement asserting, among other things, that Weir does not hold any interest materially adverse to the Debtors' estates and executed by Jeffrey S. Cianciulli, Esquire is attached hereto as Exhibit "B" and made a part hereof.

**RELIEF REQUESTED**

A. **Retention of Weir**

27. By this Application, the Debtors respectfully request that the Court enter an order authorizing the employment of Weir as special litigation counsel to provide the services

described herein *nunc pro tunc* to August 2, 2017 which is the date when Weir first provided services to the Debtors.

28. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

29. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

An order approving the employment of attorneys . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

30. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

31. The Debtors contend that Weir's employment is necessary and in the best interests of the Debtors' estates.

### B. Request for Post-Petition Retainer

32. Weir has requested a post-petition retainer from the Debtors in the amount of $35,000.00 (the "Post-Petition Retainer") to which the Debtors consent.

33. The payment of the Post-Petition Retainer will not hinder the Debtors' ability to reorganize.

34. Weir's employment by the Debtors is contingent upon receiving the Post-Petition Retainer.

**WHEREFORE,** the Debtors respectfully request that this Honorable Court enter an order granting the relief requested herein and for such other and further relief as this Honorable Court deems just.

                                    Respectfully submitted,

                                    **MASCHMEYER KARALIS P.C.**

                                    By:   /s/ Paul B. Maschmeyer
                                          PAUL B. MASCHMEYER
                                          ROBERT W. SEITZER
                                          1900 Spruce Street
                                          Philadelphia, PA 19103
                                          (215) 546-4500
                                          Attorneys for the Debtors

Dated: August 9, 2017