**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:    EARTH PRIDE ORGANICS, | : | Chapter 11 |
| | : | |
| Debtor | : | |
| | : | Bky. No.  17-13816 ELF |
| | : | |
| LANCASTER FINE FOODS, INC, | : | |
| | : | |
| Debtor | : | JOINTLY ADMINISTERED |

# M E M O R A N D U M

After a discovery hearing held on January 23, 2019, held in connection with the Motion for Relief from Stay (Doc. # 543), filed by Loeb Term Solutions LLC ("Loeb") and the Motion for Preliminary Injunction filed by the Debtor in Adv. No. 19-004, I entered an order, the next day, resolving the dispute and outlining certain discovery response obligations and deadlines for the Debtor ("the Discovery Order").  Among the requirements stated in the Discovery Order are that the Debtor copy and produce to Loeb all maintenance schedules and logs with respect to the equipment that serves as collateral for the Debtor's indebtedness to Loeb.  Based on the discussion during the hearing, it was my expectation that the documents produced would go to the question of what maintenance and repairs were "scheduled," i.e., supposed to take place, as well as what maintenance and repairs were actually performed during the relevant time period.

Today, employing the informal process I authorized for resolving discovery disputes arising in the short time frame remaining before the scheduled February 1, 2019 hearing, Loeb's counsel has requested that the discovery order entered today be modified.  Specifically, Loeb seeks documentation of expenditures made by the Debtor in connection with maintenance and repairs the Debtor asserts that it performed "as required" or "daily" or "weekly" or "every 6 months," depending upon the equipment or the part of the equipment involved.  For example,

Loeb points out that if piston "O" rings or belts needed to be replaced, there likely would be purchase orders for parts and canceled checks for payments. Loeb requests that the court supplement the discovery order entered earlier today.

As a matter of logic and legal relevance, Loeb's position is well taken. However, my view of the appropriate relief is tempered by the underlying policy expressed in Fed. R. Civ. P. 26(b)(1) (incoporated by Fed. R. Bankr. P. 7026), that the scope of the discovery is measured, not only by relevance, but also by the requirement that discovery be

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

In this matter, while the condition of Loeb's collateral is relevant, and the Debtor's maintenance history also is relevant, it is likely that, to a significant degree, Loeb's evidentiary needs will be achieved through the professional inspection that the parties have agreed will take place prior to the hearing. That fact, along with the other factors described above in Rule 26(b)(1) lead me to conclude that Loeb's request should be granted, but only to a limited degree.

Therefore, I will enter a supplemental order requiring the Debtor to produce additional documentation of the type Loeb has requested, but only for a discrete, limited time period. An appropriate order accompanies this Memorandum.

Date: **January 24, 2019**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**