# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Dalmatia Import Group, Inc. ("Dalmatia"), Maia Magee, Lancaster Fine Foods, Inc. ("Lancaster"), Earth Pride Organics, LLC ("Earth Pride), C.O. Nolt, Inc. ("C.O. Nolt") and Michael S. Thompson (each a "party" and collectively, the "parties).

WHEREAS, on October 11, 2017, the parties participated in a hearing regarding certain post-trial motions, which were permitted to proceed in accordance with the order entered on July 31, 2017 by the Bankruptcy Court, which hearing was, by agreement of the parties, halted in favor of a settlement conference with Judge Edward G. Smith in the action *Dalmatia Import Group, Inc. and Maia Magee v. FoodMatch, Inc., Lancaster Fine Foods, Inc., Earth Pride Organics, LLC, C.O. Nolt, Inc. and Michael S. Thompson* (E.D. Pa. Case No. 16-2767) (the "Action"). At the end of the settlement conference, the parties entered into a binding settlement agreement, the terms of which were documented in a handwritten agreement signed by the parties. A true and correct copy of the handwritten settlement agreement is attached hereto as Attachment A. For the convenience of the parties, the text of the October 11 agreement is copied here:

> Injunction shall be entered effective October 12, 2017 and to continue until 5:00 pm on October 13, 2018, prohibiting Lancaster Fine Foods from producing, selling or shipping any fig product excluding (1) one truckload of fig spread to ship within 36 hours to FoodMatch and (2) producing, selling or shipping to existing customer Turner Foods, in accordance with the current business arrangement not more than 3 truck loads per year.
>
> Commencing at 5:01 pm on October 13, 2018 and continuing for a period of five years thereafter, Lancaster Fine Foods and Earth Pride Organics shall be enjoined from selling any fig spread containing (1) ███████, (2) using ███ used by Dalmatia, (3) ███████████, or (4) using the same percentages of sugar and fig as used by Dalmatia.
>
> Dalmatia shall have the ability to pursue its current claim in Bankruptcy Court but will support any plan not inconsistent with this agreement as long as it pays out at least 10%.
>
> Dalmatia shall have judgment entered against C.O. Nolt as requested in its filings.
>
> Dalmatia shall have the right to verify Lancaster Fine Foods and Earth Pride Organic's compliance with the injunctions set forth above.
>
> Upon payment of the sum of  to Plaintiffs, the injunctions will be terminated, the claim in bankruptcy will be assigned to Mr. Thompson or his designee, and the judgment against C.O. Nolt will be stricken and judgment against Mr. Thompson shall be stricken/vacated.
>
> The case shall be closed, subject to the judgment against Maia Magee being vacated (motion granted without objection).
>
> Motion for judgment against Mr. Thompson (Doc. Id. 335) shall be granted in the amount of $1,200,000.00 (One Million Two Hundred Thousand Dollars).

The parties shall memorialize this agreement in a more formal written settlement agreement. The parties shall also provide an agreed injunction order to supersede the order entered on October 12, 2017.  Counsel for Lancaster Fine Foods and Earth Pride Organics shall take appropriate action to get any necessary approvals from the Bankruptcy Court.  The parties, intending to be legally bound, agree to the above settlement:

[signed on October 11, 2017 on behalf of Dalmatia Import Group, Inc., Maia Magee, Lancaster Fine Foods, Inc., Earth Pride Organics, LLC, and Michael S. Thompson];

WHEREAS, on October 12, 2017, the Court entered the Order attached hereto as Attachment B; and

WHEREAS, the parties wish to memorialize, clarify and further document their settlement agreement;

NOW, THEREFORE, in consideration of the foregoing and the promises and undertakings set forth herein, it is agreed as follows.

      1.      The October 11, 2017 settlement agreement (Attachment A) remains in full force and effect and is incorporated by reference in this Agreement.

      2.      The parties agree to entry of a Court Order adopting and incorporating this Agreement by reference in the form of Attachment C.  Counsel for the Plaintiffs will file a copy of this Agreement under seal with the Court.

      3.      Dalmatia will amend its claims in Lancaster and Earth Pride's bankruptcy cases, which are now pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania (Case No. 17-13816 and 17-13819), to an amount of $1,758,871. These will be fixed, valid and allowed unsecured claims in the bankruptcy cases, which will not be challenged by Lancaster, Earth Pride, Michael S. Thompson or C.O. Nolt.

      4.      During the term of the injunctions described in the first two paragraphs of Attachment A, and for a period of 60 days thereafter, Dalmatia shall have the right to verify Lancaster and Earth Pride's compliance therewith, at Dalmatia's sole cost, by having no more than two designated representatives inspect and observe Lancaster's facility, operations and records at any time during Lancaster's normal business hours upon at least one business day's advance notice.  Dalmatia's designated representative(s) shall be permitted: to observe production of any fig product; to view inventory of raw materials and finished products; to inspect books and records related to the manufacture, sale and/or shipment of fig products; to make copies of such books and records; to take photographs; and to make audio and/or video recordings.  Such inspections shall be conducted by an attorney(s) for Dalmatia or by a consultant(s) who is not otherwise involved in Dalmatia's business.  Such designated representative(s) must agree that information obtained during their inspections shall not be disclosed to Dalmatia or to any third party except Dalmatia's attorneys, except to the extent necessary to enforce the injunctions and this Agreement.  Notwithstanding the foregoing, Dalmatia's representative(s) may disclose to Dalmatia whether in their view the injunctions

and/or the parties' agreement have been or are being violated, as well as the specific provision that Dalmatia's representatives allege is being violated.

5.  Upon payment of ▓▓▓▓▓ to Dalmatia and/or Maia Magee: (a) the injunctions described in the first two paragraphs of Exhibit A will terminate, but all other provisions of this Agreement will otherwise remain in effect including without limitation the release stated in paragraph 8; (b) counsel for the Plaintiffs will file in the Action a stipulation in the form of Exhibit D asking the Court to vacate the judgments against C.O. Nolt and Michael S. Thompson; and (c) Dalmatia shall assign its claims in Lancaster and Earth Pride's bankruptcy cases to Michael S. Thompson or his designee, without recourse.

6.  The payment referenced in paragraph 5 shall be made by wire transfer to:

    Handel Food Law LLC Attorney Trust Account
    Bank of America, NA
    222 Broadway
    New York, New York 10038
    Routing No:   026009593
    Account No:   381023670741

7.  The parties shall not disclose to any third party the following aspects of their agreement, hereinafter referred to as "Confidential Information": (a) the fact that Lancaster and Earth Pride are prohibited from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, as that information reveals specific trade secrets of Dalmatia; and (b) the amount of the payment described in paragraph 5. However, the parties may disclose such information to their attorneys and accountants who need to know it for purposes of providing legal and tax advice to the parties. The parties shall require that their respective officers, directors, shareholders, employees, attorneys and accountants agree to maintain the confidentiality of the Confidential Information. Notwithstanding the foregoing, either Party may disclose the Confidential Information to the extent necessary in connection with a legal proceeding to enforce the court's orders and/or this Agreement, or in response to a subpoena, court order or other valid discovery request in another legal or governmental proceeding, provided that the party subject to the subpoena, court order or request first notifies the other party so that it may attempt to obtain a protective order or confidentiality agreement. If a copy of this Agreement or the October 11, 2017 agreement must be filed with the Bankruptcy Court to obtain approval of the settlement, the Confidential Information will be redacted and only disclosed upon order of the Bankruptcy Court with an appropriate protective order.

8.  Lancaster, Earth Pride, Michael S. Thompson and C.O. Nolt hereby and forever release Dalmatia and Maia Magee of and from any and all claims of whatever kind and nature they may have had or may now have, whether known or unknown, that may be asserted under chapter 5 of title 11 of the U.S. Code.

9.  Counsel for Lancaster and Earth Pride promptly shall file a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 for approval of the parties' settlement by the Bankruptcy Court.

10. The parties agree that the United States District Court for the Eastern District of Pennsylvania shall have continuing jurisdiction over all disputes arising from this Agreement or the Action. Any such disputes shall be raised in this Action, unless that is impossible, in which case they shall be raised in a separate action to be designated by the filing party as related to the Action. The parties shall not object to any such disputes being resolved in the United States District Court of the Eastern District of Pennsylvania, Easton Division. Any disputes asserted by or through any other party in interest in the bankruptcy cases shall be raised in the Bankruptcy Court. Any dispute arising from or related to this Agreement shall be governed by the law of Pennsylvania.

11. All notices under this Agreement shall be sent by email and overnight mail as follows.

>To Dalmatia:
>
>Maia Magee
>Dalmatia Import Group, Inc.
>28 West Flagler Street, Suite 900
>Miami, Florida 33130
>
>with a copy to:
>
>Lauren Handel, Esq.
>Handel Food Law LLC
>75 Washington Valley Road, #416
>Bedminster, New Jersey 07921
>lauren@handelfoodlaw.com
>
>To Lancaster, Earth Pride, C.O. Nolt and Michael S. Thompson:
>
>Michael S. Thompson
>301-501 Richardson Drive
>Lancaster, Pennsylvania 17601
>13mstt@gmail.com
>
>With a copy to:
>
>Jeffrey S. Cianciulli
>The Widener Building, Fifth Floor
>1339 Chestnut St.
>Philadelphia, Pennsylvania 19107-3519
>jcianciulli@weirpartners.com

[SIGNATURE PAGE FOLLOWS]

4

IN WITNESS WHEREOF, the Parties hereto each have approved and executed this Settlement Agreement effective as of the last date signed below.

*Maia Magee*                          Date: January 3, 2018
_____  
Maia Magee  
President of Dalmatia Import Group, Inc.  
and for herself personally


_____        Date: _____  
Michael S. Thompson  
President and CEO of Lancaster Fine Foods, Inc.,  
Earth Pride Organics, LLC, C.O. Nolt, Inc.  
and for himself personally

5

# ATTACHMENT A

## Agreement

(P)/MMM 1) Injunction shall be entered effective October 12, 2017 and to continue until 5:00 pm on October 13, 2018, prohibiting Lancaster Fine Foods from producing, selling or shipping any fig product excluding (1) one truckload of fig spread to ship within 36 hours (to fund notice), and (2) producing, selling or shipping to existing customer Turner Foods, in accordance with the current business arrangement. (not more than 3 truck loads per year.

2) Commencing at 5:01 pm on October 13, 2018 and continuing for a period of five years thereafter, Lancaster Fine Foods and Earth Pride Organics shall be enjoined from selling any fig spread containing (1) ▮▮▮ (2) using ▮▮▮ used by Dalmatia, (3) ▮▮▮ or using the same percentages of sugar and fig as used by Dalmatia

(P)/MMM 3) Dalmatia shall have the ability to pursue its current claim in Bankruptcy Court but will support any plan not inconsistent as long as this agreement at least 10% pays out at

(P)/MMM 4) Dalmatia shall have judgment entered against C.O. Nolt as requested in its filings.

(P)/MMM 5) Dalmatia shall have the right to verify Lancaster Fine Foods and Earth Pride Organics' compliance with the injunctions set forth above.

(P)/MM 6) Upon payment of the sum of $▮▮▮ (seven hundred thousand dollars) to Plaintiffs, the injunctions will be terminated, the claim in bankruptcy will be assigned (to Mr Thompson or his designee) and the judgment against CO Nolt will be stricken and judgment against Mr. Thompson shall be stricken/vacated

(P)/MM 7) The case shall be closed, subject to the claim judgment against Maia Magee shall being vacated (motion granted without objection)

Motion for judgment against Mr. Thompson (Doc. No. 335) shall be granted in the amount of $1,200,000.00 One Million Two Hundred Thousand Dollars.

The parties shall memorialize this agreement in a more formal written settlement agreement. The parties shall also provide an agreed injunctive order to supersede the order entered on October 12, 2017. Counsel for Lancaster Fine Foods and Earth Pride Organics shall take appropriate action to get any necessary approvals from the Bankruptcy Court. The parties, intending to be legally bound, agree to the above settlement.

Dated October 11, 2017 At Easton, PA

Dalmatia Import Group Inc.

by _Maia Magee_____     Plaintiffs

_Maia Magee_____
Maia Magee

Lancaster Fine Foods, Inc
Earth Pride Organics, LLC

by _____     Defendants

_____
Michael S Thompson

# ATTACHMENT B

Case 17-13381-elf Doc 685-1 Filed 04/15/19 Entered 04/15/19 12:37:05 Desc Main
Document Exhibit A Page 10 of 195

ATTACHMENT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALMATIA IMPORT GROUP, INC. and MAIA MAGEE, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 16-2767 |
| v. | : : | |
| FOODMATCH, INC., LANCASTER FINE FOODS, INC., EARTH PRIDE ORGANICS, LLC, C.O. NOLT, INC., and MICHAEL S. THOMPSON, | : : : : : | |
| Defendants. | : : | |

**ORDER**

**AND NOW**, this 12th day of October, 2017, the remaining parties to this action having reached an agreement to fully settle this matter; accordingly, in furtherance of the terms agreed to by the remaining parties, it is hereby **ORDERED** as follows:

1. The defendants, Lancaster Fine Foods, Inc. ("Lancaster") and Earth Pride Organics, LLC ("Earth Pride"), are hereby enjoined, effective immediately, subject to further order of the court, from producing, selling, or shipping any fig product with the exception of: (a) one (1) truck load of fig spread to be shipped to Foodmatch, Inc. ("Foodmatch") within thirty-six (36) hours of the entry of this order; and (b) producing, selling, or shipping fig product to existing customer Turner Foods, not to exceed three (3) truck loads per year and in accordance with the current business arrangement;

2. The parties shall formally memorialize the settlement in such manner as they deem appropriate and shall submit to the court an agreed proposed order clarifying the terms of the injunctive relief granted above, including the time period(s) of the injunction(s), and the process for verifying compliance with the injunction;

3. Dalmatia Import Group, Inc.'s ("Dalmatia") motion for judgment as a matter of law on its trademark infringement and counterfeiting claim against Michael S. Thompson (Doc. No. 335) is **GRANTED**, and final judgment is hereby entered against the defendant, Michael S. Thompson, in the amount of One Million Two Hundred Thousand Dollars ($1,200,000);

4. In accordance with the court's May 3, 2017 judgment (Doc. No. 321), final judgment is hereby entered against the defendant, C.O. Nolt, Inc., in the amount of One Million Two Hundred Seventy-Five Thousand Dollars ($1,275,000);

5. Maia Magee's motion for judgment as a matter of law on Lancaster's trespass claim (Doc. No. 337) is **GRANTED**, and final judgment is hereby entered in favor of Maia Magee on this counterclaim;

6. Counsel for Lancaster and Earth Pride shall proceed expeditiously to obtain any necessary approvals by the bankruptcy court to effectuate the terms of the settlement agreement;

7. The settlement agreement having resolved the legal issues raised in the outstanding motions pending in this case; accordingly, except as provided in the settlement agreement and this order, the following motions are **DENIED AS MOOT**: Dalmatia's motion for attorneys' fees (Doc. No. 324), Dalmatia's motion for permanent injunction on its trade secret claims against Lancaster and Earth Pride (Doc. No. 330), Dalmatia's motion for judgment as a matter of law and permanent injunction on its claim against Lancaster and Earth Pride for breach of the Beanies supply agreement's non-competition clause (Doc. No. 333), Dalmatia's motion for judgment as a matter of law on its civil conspiracy claim against all defendants (Doc. No. 334), and Dalmatia's motion for judgment as a matter of law on its unfair competition claim against all defendants (Doc. No. 336);

8. The court incorporates the terms of the settlement agreement, including those not set forth in this order, as an order of this court, and the settlement agreement shall be enforceable as such. The court retains continuing jurisdiction to enforce the terms of the settlement agreement; and

9. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

# ATTACHMENT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALMATIA IMPORT GROUP, INC. and MAIA MAGEE, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 16-2767 |
| v. | : : | **STIPULATION AND ORDER** |
| FOODMATCH, INC., LANCASTER FINE FOODS, INC., and EARTH PRIDE ORGANICS, LLC. | : : : : | |
| Defendants. | : : | |

Dalmatia Import Group, Inc., Maia Magee, Lancaster Fine Foods, Inc., Earth Pride Organics, LLC, C.O. Nolt, Inc., and Michael S. Thompson (collectively, the "Parties") have entered into a Settlement Agreement dated ___ (Doc. __) (the "Settlement Agreement"), which has been filed under seal with the Court. The Settlement Agreement clarifies the scope and duration of the injunction entered by this Court on October 12, 2017 (Doc. 392) and the process for verifying compliance with the injunction. The Parties stipulate and agree that the Settlement Agreement should be incorporated and adopted as an Order of the Court. The Court therefore **ORDERS** that the Settlement Agreement is adopted and incorporated as an Order of this Court, and it shall be enforceable as such. The Court retains continuing jurisdiction as set forth in the Settlement Agreement.

**STIPULATED AND AGREED:**

Dated: January __, 2018

_____
Lauren E. Handel
HANDEL FOOD LAW LLC
75 Washington Valley Road #416
Bedminster, New Jersey 07921
(908) 206-4103
lauren@handelfoodlaw.com
*Attorney for Dalmatia Import Group, Inc. and Maia Magee*

_____
Jeffrey S. Cianciulli
WEIR & PARTNERS LLP
The Widener Building, Fifth Floor
1339 Chestnut St.
Philadelphia, PA 19107-3519
(215) 241-7740
jcianciulli@weirpartners.com
*Attorney for Lancaster Fine Foods, Inc. and Earth Pride Organics, LLC*

_____
Michael S. Thompson *for himself and as CEO of Lancaster Fine Foods, Inc., Earth Pride Organics, LLC, and C.O. Nolt, Inc.*

**IT IS SO ORDERED:** _____
                    Hon. Edward G. Smith, U.S. District Judge

# ATTACHMENT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALMATIA IMPORT GROUP, INC. and MAIA MAGEE, | : |
| Plaintiffs, | : CIVIL ACTION NO. 16-2767 |
| v. | : **STIPULATION AND ORDER** |
| FOODMATCH, INC., LANCASTER FINE FOODS, INC., and EARTH PRIDE ORGANICS, LLC. | : |
| Defendants. | : |

On \_\_\_\_, Dalmatia Import Group, Inc., Maia Magee, Lancaster Fine Foods, Inc., Earth Pride Organics, LLC, C.O. Nolt, Inc., and Michael S. Thompson (collectively, the "Parties") entered into a Settlement Agreement (Doc. \_\_). The Settlement Agreement, which was adopted as an Order of this Court, provides that the judgments against C.O. Nolt, Inc. and Michael S. Thompson entered on October 12, 2017, will be vacated in the event that a certain condition is satisfied. The Parties now stipulate and agree that such condition has been satisfied and, therefore, that the judgments against C.O. Nolt, Inc. and Michael S. Thompson should be vacated. The Court, being advised of the Parties' stipulation, **ORDERS** that the judgments against C.O. Nolt, Inc. and Michael S. Thompson are hereby vacated. The Court retains continuing jurisdiction as set forth in the Settlement Agreement.

**STIPULATED AND AGREED:**

Dated: \_\_\_\_\_, 2018

_____
Lauren E. Handel
HANDEL FOOD LAW LLC
75 Washington Valley Road #416
Bedminster, New Jersey 07921
(908) 206-4103
lauren@handelfoodlaw.com
*Attorney for Dalmatia Import Group, Inc. and Maia Magee*

_____
Jeffrey S. Cianciulli
WEIR & PARTNERS LLP
The Widener Building, Fifth Floor
1339 Chestnut St.
Philadelphia, PA 19107-3519
(215) 241-7740
jcianciulli@weirpartners.com
*Attorney for Lancaster Fine Foods, Inc. and Earth Pride Organics, LLC*

_____
Michael S. Thompson *for himself and as CEO of Lancaster Fine Foods, Inc., Earth Pride Organics, LLC, and C.O. Nolt, Inc.*

**IT IS SO ORDERED:** _____
Hon. Edward G. Smith, U.S. District Judge

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALMATIA IMPORT GROUP, INC. and MAIA MAGEE, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 16-2767 |
| v. | : : | |
| FOODMATCH, INC., LANCASTER FINE FOODS, INC., EARTH PRIDE ORGANICS, LLC, C.O. NOLT, INC., and MICHAEL S. THOMPSON, | : : : : : | |
| Defendants. | : : | |

## **ORDER**

**AND NOW**, this 12th day of October, 2017, the remaining parties to this action having reached an agreement to fully settle this matter; accordingly, in furtherance of the terms agreed to by the remaining parties, it is hereby **ORDERED** as follows:

1. The defendants, Lancaster Fine Foods, Inc. ("Lancaster") and Earth Pride Organics, LLC ("Earth Pride"), are hereby enjoined, effective immediately, subject to further order of the court, from producing, selling, or shipping any fig product with the exception of: (a) one (1) truck load of fig spread to be shipped to Foodmatch, Inc. ("Foodmatch") within thirty-six (36) hours of the entry of this order; and (b) producing, selling, or shipping fig product to existing customer Turner Foods, not to exceed three (3) truck loads per year and in accordance with the current business arrangement;

2. The parties shall formally memorialize the settlement in such manner as they deem appropriate and shall submit to the court an agreed proposed order clarifying the terms of the injunctive relief granted above, including the time period(s) of the injunction(s), and the process for verifying compliance with the injunction;

3. Dalmatia Import Group, Inc.'s ("Dalmatia") motion for judgment as a matter of law on its trademark infringement and counterfeiting claim against Michael S. Thompson (Doc. No. 335) is **GRANTED**, and final judgment is hereby entered against the defendant, Michael S. Thompson, in the amount of One Million Two Hundred Thousand Dollars ($1,200,000);

4. In accordance with the court's May 3, 2017 judgment (Doc. No. 321), final judgment is hereby entered against the defendant, C.O. Nolt, Inc., in the amount of One Million Two Hundred Seventy-Five Thousand Dollars ($1,275,000);

5. Maia Magee's motion for judgment as a matter of law on Lancaster's trespass claim (Doc. No. 337) is **GRANTED**, and final judgment is hereby entered in favor of Maia Magee on this counterclaim;

6. Counsel for Lancaster and Earth Pride shall proceed expeditiously to obtain any necessary approvals by the bankruptcy court to effectuate the terms of the settlement agreement;

7. The settlement agreement having resolved the legal issues raised in the outstanding motions pending in this case; accordingly, except as provided in the settlement agreement and this order, the following motions are **DENIED AS MOOT**: Dalmatia's motion for attorneys' fees (Doc. No. 324), Dalmatia's motion for permanent injunction on its trade secret claims against Lancaster and Earth Pride (Doc. No. 330), Dalmatia's motion for judgment as a matter of law and permanent injunction on its claim against Lancaster and Earth Pride for breach of the Beanies supply agreement's non-competition clause (Doc. No. 333), Dalmatia's motion for judgment as a matter of law on its civil conspiracy claim against all defendants (Doc. No. 334), and Dalmatia's motion for judgment as a matter of law on its unfair competition claim against all defendants (Doc. No. 336);

8. The court incorporates the terms of the settlement agreement, including those not set forth in this order, as an order of this court, and the settlement agreement shall be enforceable as such. The court retains continuing jurisdiction to enforce the terms of the settlement agreement; and

9. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.